MICHAEL CROSNER (SBN 41294)
mike@crosnerlegal.com
ZACHARY CROSNER (SBN 272295)
zach@crosnerlegal.com
BLAKE JONES (SBN 211221)
blake@crosnerlegal.com
CHAD SAUNDERS (SBN 257810)
chad@crosnerlegal.com
CROSNER LEGAL, P.C.
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel.  (310) 496-5818
Fac. (818) 700-9973

GLENN A. DANAS (SBN 270317)
ROBINS KAPLAN LLP
2049 Century Park Blvd., Suite 3400
Los Angeles, CA  90067
Telephone: 310-229-5410
Facsimile: 310-229-5800
Email: GDanas@RobinsKaplan.com

J. AUSTIN HURT (*pro hac vice application forthcoming*)
800 LaSalle Ave., Suite 2800
Minneapolis, MN  55402
Telephone: 612 349 8500
Facsimile: 612 339 4181
Email: AHurt@RobinsKaplan.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER BOGLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>WONOLO INC., a Delaware corporation,<br><br>Defendant. | Case No.:<br><br>**COLLECTIVE ACTION**<br><br>**COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT**<br><br>**1.  Failure to Pay Overtime Wages, 29 U.S.C. § 207** |

## I. INTRODUCTION

1. This is a collective action brought on behalf of employees of Wonolo Inc. (herein "Wonolo") who are misclassified as independent contractors (called "Wonoloers"). This complaint challenges Wonolo's classification of these workers as independent contractors and alleges violations of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. As described further below, Wonolo has misclassified these workers (who Wonolo assigns to work in temporary positions at other companies) as independent contractors, when in reality under federal law, they are employees of Wonolo. By misclassifying them as independent contractors, Wonolo has avoided paying them overtime for all time worked.

2. Plaintiff brings this claim under the FLSA on behalf of all similarly situated employees across the country who have been misclassified by Wonolo who may choose to opt in to this action pursuant to 29 U.S.C. §216(b). Plaintiff seeks restitution of all overtime wages of which they and these similarly situated individuals were deprived, and all other relief to which they may be entitled.

## II. PARTIES

3. Plaintiff Christopher Bogle is an adult resident of Pico Rivera, California. From approximately May 2019 through July 2019, Mr. Bogle was employed by Wonolo as an independent contractor seeking temporary job placement. Wonolo assigned Mr. Bogle to work at AxelHire in its warehouse. He worked more than ten (10) hours per shift during this assignment, but was not paid overtime wages. Mr. Bogle's consent to pursue his claims under the FLSA is attached hereto as Exhibit 1.

4. The FLSA class members are all current and former workers who contracted with Wonolo, and were placed at third party employers, at any time starting three years before this complaint was filed, up through the present.

5. Plaintiff brings this action on behalf of all similarly situated employees who may choose to "opt-in" to this action pursuant to the FLSA, 29 U.S.C. §216(b).

6. Defendant Wonolo Inc. is a Delaware corporation with its headquarters located at 9450 SW Gemini Dr., Suite 96809, Beaverton, OR 97008-7105.

7. At all material times, Wonolo has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1) of the FLSA because it has had employees engaged in commerce using its app who have travelled in interstate commerce.

8. Moreover, because of Wonolo's interrelated activities, it functions in interstate commerce. 29 U.S.C. § 203(s)(1).

### III. JURISDICTION AND VENUE

9. This Court has general federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because Plaintiff brings claims pursuant to the FLSA, 29 U.S.C. §201, et seq.

10. The United States District Court for the Central District of California is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2), because Wonolo operates in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### IV. STATEMENT OF FACTS

11. Wonolo is in the business of placing people who use its web-based application as independent contractors in various industries seeking temporary employees.[1]

12. At all material times during the three (3) years prior to the filing of this action, Wonolo categorized all workers it placed with third party employers as "independent contractors" and have failed and refused to pay overtime wages to such employees. Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

13. Plaintiff worked for Wonolo, which then placed Plaintiff and the class

---

[1] *See* https://www.wonolo.com/about/

members in various temporary employment positions with third party companies.

14. Wonolo maintains control over its employees, despite placing them in temporary assignments with third parties. For instance, Wonolo told Plaintiff where he would be working and paid Plaintiff for his assignments. Wonolo informed Plaintiff about available positions through its mobile app, and paid Plaintiff through the app, as well. Wonolo paid Plaintiff a fixed amount per job regardless of the number of hours he worked.

15. Plaintiff was required to agree to Wonolo's terms of service in order to receive job placements. The terms of service state that "Wonolo reserves the right to terminate your access to the Application… if you materially breach the Agreement or any Wonolo Engagement, … or if you [] otherwise engage in conduct in using the Application that Wonolo, in its sole discretion, believes in good faith to be detrimental to its business interests."

16. Working for the businesses he was assigned to by Wonolo, Plaintiff did not have an opportunity for profits or losses based on the use of any managerial skill. Plaintiff was only able to affect the number of hours he worked or the number of assignments he accepted, the same as any other employee.

17. The work Plaintiff was assigned by Wonolo did not require him to use any special skills.

18. Wonolo would also restrict access to available positions if a Wonoloer canceled a placement within 12 hours of the job's start time.

19. Wonoloers perform core work that is necessary to Wonolo's business, namely working temporary job assignments as requested by Wonolo's customers.

20. Wonoloers are supervised closely by Wonolo agents. They are instructed in the details of their job performance and are monitored and reviewed frequently. For example, Wonoloers are told what clothes to wear to particular jobs. Wonolo also monitors their performance by communicating with supervisors and managers at the locations where Wonoloers are placed.

21. By virtue of the extensive control Wonolo exerts over them, and the nature of their relationship with Wonolo, Plaintiff and other collective members are not independent business operators, as Wonolo has classified them, but rather, the employees that perform work on behalf of Wonolo as temporary placement workers.

22. By virtue of classifying Wonoloers, including Plaintiff, as independent contractors, Wonolo does not pay Wonoloers all overtime wages that they are owed.

### V. COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals work(ed) as independent contractors for Wonolo seeking temporary employment through Wonolo's app. The proposed collective is defined as follows:

> All persons who worked for Wonolo as independent contractors through its online application seeking temporary employment (called "Wonoloers"), or other positions with similar job titles and/or duties at any time within three years prior to the commencement of this action (the "FLSA Collective").

24. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b) and his consent form are attached hereto. As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

25. Plaintiff and the FLSA Collective are or were employed by Wonolo within the meaning of the FLSA.

26. Wonolo paid Plaintiff and the FLSA Collective fixed amounts per job assignment regardless of the number of hours they worked.

27. Wonolo improperly classified Plaintiff and the FLSA Collective as independent contractors exempt from the FLSA's overtime pay requirements.

28. Plaintiff and the FLSA Collective routinely worked over forty (40) hours in a workweek and were not compensated by Wonolo with overtime pay for the overtime hours they worked.

29. Wonolo was both aware of and required this overtime work.

Specifically, Plaintiff and FLSA Collective members were required to work the shifts assigned by Wonolo's customers, including shifts that were 10-12 hours or more. Wonolo's customers reported the number of hours worked by Plaintiff and the FLSA Collective to Wonolo. However, Wonolo paid flat rates to Plaintiff and the FLSA Collective regardless of the number of hours they worked.

30. Wonolo is and was aware that Plaintiff and the FLSA Collective worked under these conditions. Despite that knowledge, Wonolo denied them overtime compensation. Wonolo uniformly misrepresented to Plaintiff and the FLSA Collective that they were independent contractors and therefore ineligible to receive overtime pay. In reality, Plaintiff and the FLSA Collective are, and were, non-exempt employees and therefore eligible to receive overtime pay. For example, Plaintiff and the FLSA Collective performed the work that was central to Wonolo's business model. This entailed making themselves available for temporary work assignments for Wonolo's customers. Plaintiff and the FLSA Collective did not have the authority to determine what assignments they would receive or what pay rate they would receive per assignment.

31. Wonolo failed to make, keep, and preserve records of the hours worked by Plaintiff and the FLSA Collective.

32. Wonolo's unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the FLSA Collective.

33. Wonolo's conduct is willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective. Wonolo is and was aware that Plaintiff and the FLSA Collective performed non-exempt work that required overtime pay.

34. Wonolo is and was aware of the FLSA's requirements.

35. Wonolo is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.

36. Notice of this action should be sent to the FLSA Collective. There are

numerous similarly situated current and former employees of Wonolo who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly situated employees are known to Wonolo and are readily identifiable through Wonolo's records.

## FIRST CLAIM FOR RELIEF

## FAILURE TO PAY OVERTIME WAGE IN VIOLATION OF FLSA

37. Plaintiff, individually and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

38. The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. *See* 29 U.S.C. § 207.

39. Wonolo is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

40. Wonolo has annual gross revenue of over $500,000.

41. Plaintiff and the FLSA Collective are non-exempt covered employees. *See* 29 U.S.C. § 203(e)(1).

42. Plaintiff and the FLSA Collective have worked more than forty hours (40) per week for Wonolo during the applicable time period.

43. Wonolo has not properly compensated Plaintiff or the FLSA Collective for their overtime hours as required by the FLSA.

44. Wonolo has a policy and practice of misclassifying its employees, including Plaintiff and the collective action members, as independent contractors, exempt from overtime wages.

45. Wonolo failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the FLSA Collective.

46. Wonolo knew Plaintiff and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rates. *See* 29 U.S.C. § 255.

47. Wonolo's willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages for time worked violates the FLSA. *See* 29 U.S.C. § 207.

48. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Wonolo failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. §255(a).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of the FLSA Collective, pray for relief as follows:

a. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b. Judgment that Plaintiff and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

c. Judgment against Wonolo for violations of the overtime provisions of the FLSA;

d. Judgment against Wonolo for an amount equal to Plaintiff's and the FLSA Collective's unpaid back wages at the applicable overtime rates;

e. A finding that Wonolo's violations of the FLSA are willful;

f. An amount equal to Plaintiff's and the FLSA Collective's damages as liquidated damages;

1     g.     All costs and attorneys' fees incurred prosecuting this claim;

2     h.     An award of any pre- and post-judgment interest;

3     i.     Leave to amend to add claims under applicable state laws;

4     j.     For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated: November 10, 2021     **CROSNER LEGAL, PC**

By: *Zachary Crosner*
MICHAEL CROSNER (SBN 41294)
ZACHARY CROSNER (SBN 272295)
BLAKE JONES (SBN 211221)
CHAD SAUNDERS (SBN 257810)
CROSNER LEGAL, P.C.
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel. (310) 496-5818
Fac. (818) 700-9973

ROBINS KAPLAN LLP

GLENN A. DANAS (SBN 270317)
2049 Century Park Blvd., Suite 3400
Los Angeles, CA 90067
Telephone: 310-229-5410
Facsimile: 310-229-5800
Email: GDanas@RobinsKaplan.com

J. AUSTIN HURT (*pro hac vice application forthcoming*)
800 LaSalle Ave., Suite 2800
Minneapolis, MN 55402
Telephone: 612 349 8500
Facsimile: 612 339 4181
Email: AHurt@RobinsKaplan.com

Attorneys for Plaintiff,

# EXHIBIT 1

# CONSENT TO JOIN COLLECTIVE ACTION

### Pursuant to Fair Labor Standards Act
### 29 U.S.C. § 216(b)

### *Bogle v. Wonolo, Inc.*

Name:  Christopher Bogle

1. I am over the age of eighteen and competent to give my consent in this matter.

2. I consent and agree to pursue my claims for unpaid overtime amounts that I allege are due to me for work I performed from November 10, 2018 to the present for which I allege Wonolo, Inc. is liable.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, to recover alleged unpaid overtime and other benefits, including liquidated damages. I hereby consent, agree, and opt in to become a Plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

4. I choose to be represented by class counsel Crosner Legal, P.C. and Robins Kaplan, LLP for all purposes in this action and to take any steps necessary to pursue my claims, including filing new lawsuits.

 11/09/2021  
Date Signed

*Christopher Bogle*  
Signature

 Christopher Bogle  
Printed Name

Doc ID: 8c1296f171d564cb51b02bb435be5ab27d2e77ea