JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-08878-MCS-KS | Date | July 14, 2022 |
| Title | *Bogle v. Wonolo Inc.* | | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING MOTION TO COMPEL ARBITRATION (ECF NO. 36) AND DENYING MOTION FOR NOTICE TO ISSUE (ECF NO. 33) (JS-6)**

Plaintiff Christopher Bogle and Opt-In Plaintiffs Cedric Ogamba, Camilla Walton, and Miguel Hernandez move for an order approving distribution of notice under the Fair Labor Standards Act. (FLSA Notice Mot., ECF No. 33.) The Court issued an order compelling Bogle and Ogamba to arbitrate their claims against Defendant Wonolo Inc. and suspending briefing on the motion for distribution of notice pending resolution of a motion to compel Walton and Hernandez to arbitrate their claims. (Order, ECF No. 37; *see* Mot., ECF No. 36-1.) Walton and Hernandez opposed the motion to compel arbitration, (Opp'n, ECF No. 39), and Wonolo replied to the opposition, (Reply, ECF No. 40).[1] The Court deems both motions appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

---

[1] After briefing on the motion closed, Hernandez and Walton submitted notice of a recent decision by the California Court of Appeal, *Trinity v. Life Ins. Co. of N. Am.*, 78 Cal. App. 5th 1111 (2022). (Notice of New Decision, ECF No. 41.) The Court has considered this authority but not the argument presented in the notice. *See, e.g., Alfred v. Walt Disney Co.*, No. CV 18-8074-CBM-(ASx), 2021 U.S. Dist. LEXIS

I.  **BACKGROUND**

The Court set forth a summary of the case in a prior order. (Order 1–2.) In short, the plaintiff to this Fair Labor Standards Act collective action claims Wonolo improperly categorized workers it placed with third-party employers as independent contractors and refused to pay them overtime wages.

Wonolo submits that Walton and Hernandez agreed to arbitrate their claims. Before searching for job requests, a Wonolo user must first agree to Wonolo's Terms of Use ("TOU") and create a Wonolo account. (Gao Decl. ¶ 5, ECF No. 36-3.)[2] Individuals are required to scroll through the entire TOU before they are able to press the "I AGREE" button that takes them to the next step in the account registration process. (*Id.* ¶¶ 5, 7.) Then, users must sign an acknowledgment of the TOU before they can proceed further into the account registration process. (*Id.* ¶ 8.)

Hernandez completed the account registration process on June 15, 2015. (*Id.* ¶ 12.) In January 2018, Wonolo rolled out a new TOU and required Wonolo users with an active account to agree to this new TOU before continuing to use the Wonolo application. (Gao Decl. ¶ 12; *see* Perez Decl. Ex. A (Jan. 2018 TOU).) Wonolo users were required to scroll through the entirety of the new TOU before they could manifest their agreement to its terms. (*Id.* ¶ 13.) Hernandez agreed to the new TOU on January 31, 2018. (*Id.* ¶ 12; *see also* Perez Decl. ¶ 4.)

Walton agreed to Wonolo's September 2018 TOU on April 25, 2019. (Perez Decl. ¶ 4; Gao Decl. ¶ 19; *see* Perez Decl. Ex. B (Sept. 2018 TOU).)

Both versions of the TOU contain an arbitration provision and a class action waiver. The arbitration provisions state:

> **9.1  Law. Except for the "Mandatory Binding Individual Arbitration And Class Action Waiver" below, which is governed by the Federal Arbitration**

---

253299, at *2 (C.D. Cal. Dec. 16, 2021) (granting leave to file supplemental authority but declining to consider parties' discussion of the authority).

[2] The Court may examine evidence outside the pleadings on a motion to compel arbitration. *See Regents of Univ. of Cal. v. Japan Sci. & Tech. Agency*, No. CV 14-04419 MMM (CWx), 2014 U.S. Dist. LEXIS 199896, at *7 n.24 (C.D. Cal. Oct. 16, 2014) (collecting cases).

**Act**, this Agreement or any claim, cause of action or dispute ("Claim") arising out of or related to this Agreement shall be governed by the laws of the state of in which the Wonoloer resides regardless of your country of origin or where you access Wonolo, and notwithstanding any conflicts of law principles.

**9.2    Mandatory Binding Individual Arbitration and Class Action Waiver** ("Arbitration Agreement"). The Company and Contractor mutually agree to resolve any justiciable disputes between them exclusively through final and binding arbitration instead of filing a lawsuit in court. This Arbitration Agreement is governed by the Federal Arbitration Act (9 U.S.C. §§ 1-16) and, except as otherwise provided in this Arbitration Agreement, shall apply to any and all claims arising out of or relating to this Contract, the Contractor's classification as an independent contractor, Contractor's provision of services to the Company or its Customers, the payments received by Contractor for providing services to the Company or its Customers, the termination of this Contract, and all other aspects of the Contractor's relationship with the Company, past, present or future, whether arising under federal, state or local statutory and/or common law . . . . This Arbitration Agreement applies to claims and disputes that the Company may have against Contractor and/or that Contractor may have against the Company, and (1) its affiliates and partners (2) its officers, directors, employees, or agents in their capacity as such or otherwise, and/or (3) all successors and assigns of any of them; any and all of which may enforce this Arbitration Agreement.

The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or alleged waiver of this Arbitration Agreement including, but not limited to any claim that all or any part of this Arbitration Agreement is void or

> voidable. However, as stated in the "Class Action Waiver" below, the preceding sentence shall not apply to the clause entitled "Class Action Waiver."

(Perez Decl. Ex. A §§ 9.1–.2; *id.* Ex. B §§ 9.1–.2.)

## II. MOTION TO COMPEL ARBITRATION

### A. Legal Standard

"[T]he Federal Arbitration Act (FAA) makes agreements to arbitrate 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011) (quoting 9 U.S.C. § 2). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 938 (9th Cir. 2013) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).

Generally, a court's role is limited to determining "two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)). But even these gateway issues can be submitted to an arbitrator where there is clear and unmistakable evidence that the parties intended that result. *See id.* (citing *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)). "When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 528 (2019).

### B. Discussion

Walton and Hernandez argue that Wonolo has not shown that they clearly manifested assent to arbitrate their claims against Wonolo. (Opp'n 2.) The record belies these arguments. Walton and Hernandez concede that they scrolled through the TOU. (Walton Decl. ¶ 6, ECF No. 39-1; Hernandez Decl. ¶ 6, ECF No. 39-2.)

Their testimony that they do "not recall seeing an arbitration agreement or agreeing to arbitrate any of [their] claims against Wonolo" is unavailing. (Walton Decl. ¶ 5; Hernandez Decl. ¶ 5.) The general rule in California is that "one who signs a contract is bound by its provisions and cannot complain of unfamiliarity with the language of the instrument." *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016) (internal quotation marks omitted). The language in the TOU's delegation clause clearly and unmistakably delegates the question of arbitrability to the arbitrator. (TOU § 9.2.) Hernandez and Walton claim they did not understand that they agreed to arbitrate arbitrability and their substantive claims. (Walton Decl. ¶ 6; Hernandez Decl. ¶ 6.) Notwithstanding, the language in the TOU is analogous to language the Ninth Circuit has deemed an unmistakable indication of intent to arbitrate arbitrability. *See Mohamed*, 848 F.3d at 1208–09 (holding that language delegating to the arbitrators the authority to decide issues relating to the "enforceability, revocability or validity" of the arbitration provision evidenced clear and unmistakable intent to let the arbitrators decide the threshold question of arbitrability). Hernandez and Walton agreed to delegate questions of arbitrability to an arbitrator, even if they did not understand the effect of the agreement. (TOU § 9.2.)

Walton and Hernandez argue that the arbitration provision does not define the "Company" with whom they supposedly agreed to arbitrate. (Opp'n 7–9.) However, they do not offer any evidence indicating that they understood the term "Company" to mean any entity other than Wonolo, and they otherwise concede that the contracting parties to the TOU are them and Wonolo. (*See id.* at 7.) The identity of Wonolo as the "Company" identified in the TOU is readily apparent from the language of the instrument, as persuasively set forth in Wonolo's reply brief. (Reply 4–6.) *See Union Trust Co. v. Dickinson*, 30 Cal. App. 91, 96 (1916) ("If the contract shows, by some reference, who the parties to the contract are and so sufficiently identifies them, it is sufficient.").

Walton and Hernandez also argue that they do not understand what "justiciable" means. (Opp'n 9–10.) The Court incorporates its reasoning rejecting an identical argument Ogamba made in his opposition to Wonolo's motion to compel arbitration. (Order 5–6.) Courts routinely enforce arbitration agreements that reference "justiciable disputes." *See, e.g.*, *Magana v. DoorDash, Inc.*, 343 F. Supp. 3d 891, 895, 904 (N.D. Cal. 2018) (enforcing an arbitration agreement covering "any justiciable disputes" between the contractor-plaintiff and the defendant). In any event, Walton and Hernandez's ignorance of the meaning of "justiciable" has no

bearing on contract formation, so the question of what the term means should be presented to the arbitrator in the first instance. *Henry Schein*, 139 S. Ct. at 528.

Hernandez contends that Wonolo failed to prove that there was a valid and enforceable agreement to arbitrate any of his claims that accrued between 2015 and 2018. (Opp'n 11.) The temporal scope of the arbitration agreement is a question for the arbitrator. *Henry Schein*, 139 S. Ct. at 528.

The Court determines that a valid agreement to arbitrate exists, and that the agreement delegates threshold questions of arbitrability to an arbitrator. The Court grants the motion to compel arbitration.

### III.   MOTION FOR NOTICE TO ISSUE

The Court has compelled all movants who brought the motion for notice to issue to submit their claims to arbitration. The motion for notice to issue is denied accordingly. *See Carter v. Countrywide Credit Indus., Inc.*, 189 F. Supp. 2d 606, 618, 622 (N.D. Tex. 2002) (denying motion for notice to issue brought by plaintiffs whose claims were compelled to arbitration, observing that "the issue of whether the named plaintiffs must arbitrate their claims should be decided well before the nationwide notification issue is reached").

### IV.   CONCLUSION

The Court grants the motion to compel Walton and Hernandez to arbitrate their claims. The Court orders Walton and Hernandez to submit their claims against Wonolo to arbitration within 30 days pursuant to the terms of the arbitration agreements. *See* 9 U.S.C. § 4. Walton and Hernandez's claims are stayed pending arbitration. *Id.* § 3.

The arbitrating parties shall file joint status reports within 120 days, and further reports every 120 days thereafter. Each report must state on the cover page the date the next report is due. Additionally, the parties must notify the Court within seven days of the conclusion of arbitration proceedings.

The Court denies the motion for notice to issue. The Court directs the Clerk to remove the case from the Court's active caseload until further application by the parties or order of this Court.

**IT IS SO ORDERED.**